IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0421-WS-M |
| | ) |
| PIERCE TRANSPORTATION, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on review of Plaintiff's Application for Clerk's Entry of Default (doc. 6). In that Application, plaintiff, Essex Insurance Company, asserts that it served process on defendant Pierce Transportation, Inc. via certified mail on September 26, 2014, that the time for Pierce Transportation to file an answer or other responsive pleading pursuant to Rule 12(a)(1)(A)(i) has expired, and that Pierce Transportation has filed nothing, such that entry of default is appropriate as to this defendant.

The Court requires Essex to supplement its Application to establish the sufficiency of service of process on this defendant. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). This is because "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citation omitted). Thus, in determining whether entry of default is appropriate against a party that has failed to plead or otherwise defend, "the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. … A court cannot obtain personal jurisdiction over a party without proper service of process." *Thalassinos v. Adair*, 2013 WL 2245138, *3 (S.D. Ala. May 20, 2013) (citation omitted). Of course, it is Essex's burden to show that service of process was properly completed and, therefore, that the requisite jurisdiction exists over defendant Pierce Transportation to warrant entry of default.

On this record, Essex's Application leaves significant unanswered questions as to whether service of process has been validly perfected on this defendant. Specifically, Essex filed two Proofs of Service as to defendant Pierce Transportation. The first Proof of Service reflects that a certified mailing directed to an individual named "Lane Pierce" at 30969 U.S. Hwy. 55, Red Level, AL 36474, was delivered and signed for by a person named "Shea Worley" on September 15, 2014. (*See* doc. 4.) The second Proof of Service reflects that a certified mailing directed to Lane Pierce at Pierce Transportation, Inc., 30969 U.S. Highway 55, Red Level, AL 36474, was delivered and signed for by a person named "Leigh Jones" on September 26, 2014. (*See* doc. 5.)

The Court has two principal concerns. First, while Alabama Secretary of State records confirm that Lane Pierce is the registered agent for Pierce Transportation, Inc., neither Proof of Service reflects that certified mailings were sent to Lane Pierce at the listed "Registered Office Street Address," which is 604 Second Ave., Andalusia, AL 36420. (*See* doc. 1-1.) The Court cannot determine on this record why Essex apparently eschewed efforts to serve this registered agent at the published Andalusia address, what is located at the address where service of process was attempted, whether that address has any present connection to Pierce Transportation, Inc., or whether it might represent a business or residential address for Lane Pierce. Second, plaintiff provides no information as to who "Shea Worley" and "Leigh Jones" are or what their connection to Pierce Transportation might be, much less whether Lane Pierce has specifically authorized those persons to receive his mail and to deliver that mail to him, pursuant to Rule 4(i)(2)(C), Ala.R.Civ.P. Based on these shortcomings, the Court cannot determine on this showing that service of process has been perfected on Pierce Transportation pursuant to either Rule 4(h)(1)(A) or 4(h)(1)(B), Fed.R.Civ.P.

In light of the foregoing, Essex is **ordered** to supplement its Application for Clerk's Entry of Default on or before **November 12, 2014** with sufficient factual and/or legal materials to demonstrate that valid service has been performed on Pierce Transportation in accordance with Rule 4(h), Fed.R.Civ.P.

DONE and ORDERED this 29th day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE