# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0421-WS-M |
| | ) |
| PIERCE TRANSPORTATION, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court *sua sponte*.

At 10:51 a.m. on the morning of November 13, 2014, the Clerk of Court docketed an Order (doc. 9) entered by the undersigned in this matter. The November 13 Order granted plaintiff's Application for Clerk's Entry of Default (doc. 6), as supplemented by Plaintiff's Response to Court Order Dated October 29, 2014 (doc. 8). In so ordering, the Court accepted plaintiff's showing that defendant Pierce Transportation, Inc., had been properly served with process, and observed that the time specified by Rule 12 for Pierce Transportation to file an answer or other responsive pleading had long since expired. In accordance with the November 13 Order, a Clerk's Entry of Default (doc. 10) was issued against Pierce Transportation at 11:00 a.m. on November 13, 2014.

Two hours later, at 1:53 p.m., Pierce Transportation purported to file a cursory five-line Answer (doc. 11) to the Complaint, generally denying everything. This Answer, in its present configuration, suffers from two distinct flaws. First, Pierce Transportation ignores the fact that it now labors under a Clerk's Entry of Default, predicated on its unexplained failure to answer the complaint within the time provided by the rules. Unless and until it is set aside, "[t]he entry of a default against a defendant … severely limits the defendant's ability to defend the action." *Tyco Fire & Sec., LLC v. Alcocer*, 2007 WL 542583, *3 (11th Cir. Feb. 22, 2007). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Twist and Shout Music v.*

*Longneck Xpress, N.P.*, 441 F. Supp.2d 782, 783 (E.D. Tex. 2006) ("The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues."). Thus, the legal effect of Pierce Transportation's default in this case is that it has admitted all well-pleaded facts in the Complaint. Defendant's mere filing, post-default, of a pleading denying all of those facts in no way operates to negate the default or to counteract that default's crippling effects on Pierce Transportation's ability to defend against plaintiff's allegations.

Second, even if Pierce Transportation had overcome the default problem (which it has not), the Answer it submitted appears improper because it simply states a general denial that Pierce Transportation "den[ies] the material allegations of the complaint and demands strict proof thereof." (Doc. 11, ¶ 2.) Such general denials of all allegations in a complaint are almost never appropriate under the Federal Rules of Civil Procedure. *See Mortensen v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3339492, *2 n.7 (S.D. Ala. Aug. 23, 2010) ("General denials are almost always improper under the Federal Rules of Civil Procedure."); *Matter of Crawford*, 2 B.R. 589, 592 (Bankr. Ill. 1980) ("A general denial is appropriate only where the pleader intends in good faith to controvert the preceding pleading."); *Gulf Oil Corp. v. Bill's Farm Center, Inc.*, 52 F.R.D. 114, 118-19 (W.D. Mo. 1970) (declaring that "[g]eneral denials or the equivalent are no longer permitted under the Federal Rules of Civil Procedure."). Indeed, one prominent commentator has opined that the use of general denials "has been sharply restricted" under the Federal Rules of Civil Procedure and that "an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1265; *see also* 2 *Moore's Federal Practice*, § 8.06[4] (3d ed.) ("Because of the very broad nature of a general denial, as well as the duty to respond in good faith after reasonable inquiry, general denials are rarely appropriate responses to multi-faceted statements within claims for relief when numerous facts are alleged together.").

Under Rule 8(b)(2), Fed.R.Civ.P., denials set forth in an answer "must fairly respond to the substance of the allegation." *Id.* Moreover, a general denial such as that offered by Pierce Transportation is appropriate only when a party "intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds." Rule 8(b)(3). By contrast, "[a] party that does not intend to deny all the allegations must either specifically deny designated allegations or

generally deny all except those specifically admitted." *Id.* Pierce Transportation's Answer is a textbook example of a general denial; however, it is far from clear in this case that such a denial can be made in good faith in a manner that comports with this defendant's obligations under Rules 8 and 11. For example, the Complaint includes allegations that Pierce Transportation is an Alabama corporation, that its registered agent is W. Lane Pierce, and that its principal office is located in Covington County, Alabama. (Doc. 1, ¶ 2.) It further alleges that Pierce Transportation entered into a certain agreement on September 3, 2003 (*id.*, ¶ 5); that the agreement specifies that Pierce Transportation owns a certain Freightliner tractor truck (*id.*); that William Rousey filed a lawsuit against Pierce Transportation and others in state court (*id.*, ¶¶ 6-7); that Pierce Transportation tendered the Rousey lawsuit to Essex for defense under a certain insurance policy (*id.*, ¶ 9); that the policy contains an "owned vehicle exclusion" (*id.*, ¶ 8); that jurisdiction and venue are proper in this District Court (*id.*, ¶¶ 19-20); that there is an actual controversy among the parties regarding Essex's obligations under the subject policy (*id.*, ¶ 21); and so on.

The Court is concerned that, in its current form, the Answer (which denies everything and admits nothing) does not appear to comport with the strictures of Rules 8 and 11. It is not apparent, for example, that Pierce Transportation would have a good-faith basis for denying any (much less all) of the above-specified factual allegations in the Complaint. Of course, counsel's signature on the Answer constitutes a certification by counsel "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the denials of factual contentions are warranted on the evidence." Rule 11(b)(4), Fed.R.Civ.P.

In light of the foregoing deficiencies, it is hereby **ordered** as follows:

1. To the extent that Pierce Transportation wishes to participate in these proceedings and to contest the well-pleaded facts set forth in the Complaint, it cannot do so unless it meets its burden of showing why the Clerk's Entry of Default should be set aside pursuant to Rule 55(c), Fed.R.Civ.P. Any such request by defendant will be assessed in accordance with the legal principles set forth in *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996), and its progeny. Unless and until Pierce Transportation files such a motion to set aside the default, it remains vulnerable to

entry of default judgment and is barred from contesting liability. Should Pierce Transportation desire relief from the Clerk's Entry of Default, it must file a motion, supported by authority and exhibits as appropriate, on or before **December 3, 2014**. In the absence of a timely, meritorious Rule 55(c) motion by defendant, the Court will entertain any motion for default judgment that plaintiff may subsequently submit; and

2. With regard to the general denial format of Pierce Transportation's Answer, the Court invites that defendant to file an Amended Answer that fairly meets the substance of the factual allegations of the Complaint and is otherwise consistent with the principles set forth above. Such an Amended Answer should be filed on or before **December 5, 2014**. If an Amended Answer in conformity with Rules 8 and 11 is filed on or before that deadline, then Pierce Transportation need take no further action with regard to the content of its Answer. However, if Pierce Transportation opts not to file such an Amended Answer within that time frame, then it is **ordered** to **show cause**, on or before **December 5, 2014**, why its Answer, in its current form, does not violate Rules 8(b) and 11(b) of the Federal Rules of Civil Procedure. This Show Cause Order is entered pursuant to Rule 11(c)(3), Fed.R.Civ.P. Responses to this Show Cause Order should include, without limitation, a description of the reasonable inquiry undertaken by defendant's counsel prior to filing its Answer and an explanation of how, following such reasonable investigation, he could in good faith deny all allegations of the Complaint pertaining to his client, including without limitation those identified *supra*.

DONE and ORDERED this 24th day of November, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE